## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ERWI LLC, MURTAZA HAYAT, and JOHN DOES 1 through 10, each of which is an Individual, Partnership, Business Entity, or Unincorporated Association,<br><br>    Defendants. | Civil Action No. 1:23-cv-897<br><br>**JURY TRIAL DEMANDED** |

## NUTRAMAX'S MOTION TO EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER AND FOR LIMITED EXPEDITED DISCOVERY

Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax Vet") (collectively, "Nutramax") hereby move this Court to (i) extend its *Ex Parte* Temporary Restraining Order previously entered on August 2, 2023 and extended on August 15, 2023, for an additional fourteen (14) days; (ii) allow Nutramax to conduct limited expedited discovery by issuing up to ten (10) subpoenas prior to the opening of formal discovery; (iii) set a date for the preliminary injunction as to Defendant Erwi LLC because the Defendant has been served and has notice of Nutramax's preliminary injunction motion; and (iv) clarify that the TRO requires production of shipping information related to the Defendants' counterfeit products (including invoices, bills of lading, shipping documents).

## BACKGROUND

On August 1, 2023, Nutramax filed a Verified Complaint against Erwi LLC ("Erwi"), Murtaza Hayat, and John Does 1 through 10 (all defendants, collectively "Defendants") that

included claims for trademark infringement and counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under the common law of the state of Texas; unfair competition under the common law of the state of Texas; and copyright infringement in violation of 17 U.S.C. § 501. As alleged in Nutramax's Verified Complaint ("Ver. Complaint"), Defendants are offering for sale and/or selling unauthorized and unlicensed pet supplements using counterfeit and infringing versions of Nutramax's federally registered trademarks and copyright. (Ver. Complaint, Dkt. 1.) That same day, Nutramax moved this Court on an emergency basis for an *ex parte* temporary restraining order and a preliminary injunction ("TRO Motion"). (Dkt. 3.) On August 2, 2023, the Court granted the TRO Motion which expired on August 16, 2023. (Dkt. 12.) Prior to the expiration, Amazon acknowledged receipt of the TRO Motion and confirmed that it had frozen the funds associated with Defendants' LIBZO MEX seller account, however Nutramax was still waiting for several other key pieces of information that the TRO required Amazon to provide. (Dkt. 15.) On August 14, 2023, Nutramax moved to extend the TRO Motion, which the Court granted on August 15, 2023, extending the TRO to August 29, 2023. (Dkt. 15; text order of August 15, 2023.)

Nutramax recently effected service on Erwi through its registered agent in Texas; the service package included the Verified Complaint, the TRO (and its extension), and Nutramax's motion for Temporary Restraining Order and Preliminary Injunction. (Declaration of Uly S. Gunn, attached hereto as Exhibit A ("Gunn Decl."), ¶ 8.) Because this Defendant has now been served, Nutramax believes its motion for preliminary injunction is ripe for a hearing, at least as to Erwi. Nutramax's investigation has thus far not identified an individual named Murtaza Hayat who has

any connection to Erwi, and Nutramax has therefore not yet been able to effect service on him. (Gunn Decl., ¶ 7.)

Nutramax has continued to work with Amazon to secure Amazon's full compliance with the TRO, which is not yet complete. Amazon has provided the contact information it has for Defendants, which includes what appears to be an incomplete address in Pakistan and an email address. (Gunn Decl., ¶ 4.) Amazon has only provided one partial financial account number associated with the LIBZO MEX seller account (from Community Federal Savings Bank, or "CFSB"), and is still seeking internal approval to provide the full account number, as well as attempting to locate any additional financial accounts associated with the LIBZO MEX seller account. (*Id.*) Nutramax mailed notice of the TRO to CFSB on August 26, 2023, requesting if CFSB could provide any information based on the limited information Nutramax has at this time, and Nutramax is awaiting a response. (Gunn Decl., ¶ 5.) Once Nutramax receives the required information from Amazon and CFSB, it will likely need time to serve the TRO on additional entities in an attempt to identify the unknown defendants and freeze additional funds earned through the Defendants' counterfeiting scheme. The Court extended the TRO Motion through and including August 29, 2023. Because Nutramax is still awaiting additional information required by the TRO, Nutramax respectfully requests the Court extend the *ex parte* temporary restraining order again for good cause.

In order to continue its search for the identities of the unknown Defendants and the location of any remaining counterfeit products, Nutramax desires to obtain information from certain third parties who may have additional information that Amazon and financial institutions will not have. For example, Nutramax believes Registered Agents, Inc., the registered agent for Erwi in Texas, may have additional contact information in its records for Erwi, Hayat, or other unknown

Defenants. (Gunn Decl., ¶ 9.) Nutramax also believes an attorney named Wei Gu with TIANYU Law Group, Inc. may have information regarding the Defendants; Mr. Gu recently filed a trademark application for the trademark NUTRAMAX PROVIABLE on behalf of a Pakistan citizen named Mirza Khan Baig residing in California. (*Id.*) If granted leave by the Court to do so, Nutramax would serve subpoenas on these and other entities who may have information regarding the identities of the Defendants and the location of Defendants' counterfeit products and who are not otherwise subject to the TRO.

As is clear from the above, Nutramax is taking all steps available to it to locate the identities of the unknown defendants and the location of any remaining counterfeit goods. The current Order states that Amazon must provide "all data that details . . . the true identities along with complete contact information (including email addresses) of all Defendants." (Dkt. 12, p. 6.) As part of this information, Nutramax recently requested that Amazon provide any invoices, bills of lading, or other shipping information associated with Amazon's receipt of the Defendants' counterfeit products into Amazon's warehouses; Nutramax was told Amazon was looking into whether this information can be provided, but that "the Order would need to require this information specifically." (Gunn Decl., ¶ 6.) This information may reveal additional information regarding the identities of the Defendants and the location of any remaining counterfeit products. (*Id.*)

## ARGUMENT AND CITATION TO AUTHORITY

### I.    Good Cause Exists for an Extension of the *Ex Parte* Temporary Restraining Order

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). To determine if good cause exists, one consideration of the

court is whether "the grounds for originally granting the temporary restraining order continue to exist." *Hernandez v. Erazo*, No. SA-22-CV-01069-XR, 2022 U.S. Dist. LEXIS 198380, at *6-7 (W.D. Tex. Oct. 31, 2022) (quoting 11A Charles Alan Wright *et al., Federal Practice and Procedure* § 2953 (3d ed. 2021)); *see also RA Glob. Servs., Inc. v. Apps*, No. 3:07-cv-1562-L, 2007 U.S. Dist. LEXIS 111428, at *2–3 (N.D. Tex. Sept. 20, 2007) ("The court finds that good cause exists for the extension, as the circumstances have not changed to justify a refusal to extend the TROs."). Specifically, Courts consider it good cause to grant a second extension when a Plaintiff is awaiting additional information from payment processors and online retailers in counterfeit cases. *Paakline, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 01:22-cv-1082-LY, 2022 U.S. Dist. LEXIS 240216, at *3 (W.D. Tex. Dec. 29, 2022) ("Other courts have granted second extensions of TROs in counterfeiting cases of this nature to allow additional time for plaintiffs to obtain defendants' information from third party online marketplaces and payment processors."); *Leading Edge Mktg., Inc. v. Individuals, P'ship*, No. 23-cv-21333-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 82117, at *5 (S.D. Fla. May 10, 2023) (Holding the temporary restraining order, regarding counterfeit goods, previously granted by the court should remain in place.).

Here, the circumstances warranting the original temporary restraining order have not changed to justify a refusal to extend the TRO. Although Nutramax is in communication with Amazon, it has not yet received all of the required information to identify and locate Defendants, as detailed above, and will need additional time once it receives that information to further investigate. Further, the TRO should remain in effect regarding Defendant Erwi LLC until a preliminary injunction hearing because the party has now been served and provided notice of this action. *Esparza v. Bd. Of Trs.*, No. 98-50907, 1999 U.S. App. LEXIS 40659, at *7 (5th Cir. June

4, 1999) ("But when the adverse party has notice, the protective provisions of rule 65(b) do not control, and the court has discretion to consider granting more lasting relief under a PI."). If the TRO is permitted to expire, or not converted to a preliminary injunction, prior to Nutramax receiving the required information outlined in the Order, Nutramax's ability to identify the John Doe defendants and freeze their ill-gotten assets will be frustrated.

Further, and as discussed above, although Nutramax believes information related to Amazon's receipt into its warehosues of the counterfeit products at issue is already required to be produced under the existing TRO, Nutramax respectfully requests the Court clarify that any party subject to the TRO must provide data detailing "the true identities along with complete contact information (including email addresses, invoices, bills of lading, and shipping documents associated with Defendants's products sold on Amazon and the Amazon Seller ID LIBZO MEX) of all Defendants." The proposed clarification is reflected in the proposed order.

## II.    Good Cause Exists for Limited Expedited Discovery

Courts in the Fifth Circuit have recognized that, upon motion of a party and for good cause shown, a court can issue an order for certain discovery to be conducted under accelerated deadlines. *See United Biologics, LLC v. Am. Acad. of Allergy*, Civil Action No. SA-14-CV-35-OLG, 2014 U.S. Dist. LEXIS 199215 (W.D. Tex. Mar. 20, 2014); *Pss World Med. v. Fairchild*, No. 1:11CV22, 2011 U.S. Dist. LEXIS 170731, at *4 (E.D. Tex. Feb. 3, 2011) ("In considering a request for expedited discovery, recent cases have applied a reasonableness, or good cause, test, which considers the reasonableness of the discovery request in light of the record and the surrounding circumstances."). Specifically, expedited discovery for plaintiffs to determine the nature and extent of defendants' alleged counterfeiting activities has been found to be good cause. *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3-08-CV-0398-B, 2008 U.S. Dist. LEXIS

20036, at *3 (N.D. Tex. Mar. 13, 2008). Courts consider the following factors when determining whether discovery prior to the Rule 26(f) conference is warranted: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Pss World Med. v. Fairchild*, No. 1:11CV22, 2011 U.S. Dist. LEXIS 170731, at *4-*5 (E.D. Tex. Feb. 3, 2011).

Nutramax previously filed a motion for *ex parte* TRO and preliminary injunction and supporting memorandum detailing that Nutramax is substantially likely to succeed on the merits of its claims against Defendants. The Court granted Nutramax's request for an *ex parte* TRO and stated that it would set a hearing for a motion for a preliminary injunction at a later date. (*See* Dkt. 15.) To prepare more fully for a hearing on its preliminary injunction motion, Nutramax needs to take limited accelerated discovery in order to identify and locate all of the Defendants, particularly the John Doe defendants, and the location of any remaining counterfeit products. As such, Nutramax seeks leave to issue up to ten (10) subpoenas to third parties who are not subject to the TRO Order, limited to obtaining the identities of the unknown Defendants and the location of remaining counterfeit products. Expedited discovery is particularly appropriate here given the potential health and safety issues threatening the companion animals of those who have purchased Defendants' counterfeit products. *See Oxford House, Inc. v. City of Albany*, 819 F. Supp. 1168, 1179 (N.D.N.Y. 1993) (ordering expedited discovery should parties' dispute continue past zoning board dispute, due in part to health and safety issues posed by occupancy levels of plaintiff's sober living facilities).

The allowance of early discovery would not burden Defendants, as Nutramax's requests would be directed toward third parties. Nutramax's requested expedited discovery is limited in

scope, and Nutramax has shown good cause for needing to seek the requested information now as opposed to once formal discovery opens (which may never happen if, as Nutramax expects, the known and unknown Defendants do not appear in this case or respond to the complaint). Based on the foregoing, Nutramax respectfully requests that the Court permit it to conduct on an accelerated basis narrowly tailored discovery in the form of up to ten (10) subpoenas on third parties.

**<u>CONCLUSION</u>**

For the reasons set forth above, Nutramax hereby moves the Court to (i) extend the *ex parte* temporary restraining order, previously granted by this Court, an additional fourteen (14) days to temporarily enjoin and restrain the Defendants and each of their respective officers, directors, employees, shareholders, members, agents, representatives, parents, subsidiaries, and affiliates, and all those persons in active concert or participation with any of them who receive actual notice; (ii) allow it to conduct limited expedited discovery by issuing up to ten (10) subpoenas; (iii) set a date for a preliminary injunction hearing as to Defendant Erwi LLC because the Defendant has been served and has notice of Nutramax's motion; and (iv) clarify the order to state that any party to the TRO must provide data detailing the true identities along with complete contact information (including email addresses, invoices, bills of lading, shipping documents) of all Defendants. A proposed order detailing this relief is submitted herewith.

Respectfully submitted, this 28th day of August, 2023.

/s/ Uly S. Gunn

Brady Cox
brady.cox@alston.com
Texas Bar No. 24074084

ALSTON & BIRD LLP
2200 Ross Avenue
Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899

Jason D. Rosenberg (admitted PHV)
*jason.rosenberg@alston.com*
Georgia Bar No. 510855
Uly S. Gunn (admitted PHV)
*sam.gunn@alston.com*
Georgia Bar No. 261871
Mary Grace Gallagher (admitted PHV)
*marygrace.gallagher@alston.com*
Georgia Bar No. 121954

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000

*Attorneys for Plaintiffs Nutramax
Laboratories, Inc. and Nutramax
Laboratories Veterinary Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the foregoing PLAINTIFF NUTRAMAX'S MOTION TO EXTEND THE *EX PARTE* TEMPORARY RESTRAINING ORDER AND FOR LIMITED EXPEDITED DISCOVERY, via the Court's CM/ECF system, which will automatically give notice to all counsel of record. I also certify that I mailed a copy of the foregoing document to Defendant Erwi LLC at the following address:

> Erwi LLC
> 5900 Balcones Drive, Suite 4712
> Austin, TX 78731-4257

This August 28, 2023.

/s/ Uly S. Gunn
Uly S. Gunn