IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORTIES, INC., et. al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 1:23-cv-897-DII |
| § | |
| ERWI, LLC, et. al., § | |
| § | |
| Defendants. § | |

### DEFENDANT FLASHSHIP LOGISTICS, LLC'S OPPOSED MOTION TO COMPEL DEPOSITION OF PLAINTIFFS' CORPORATE REPRESENTATIVE

Defendant Flashship Logistics, LLC ("Flashship") respectfully files this opposed motion to compel the deposition of Plaintiffs' corporate representative pursuant to Federal Rule of Civil Procedure 37 (the "Motion"), and would show as follows:

### SUMMARY OF THE ARGUMENT

Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively "Nutramax" or "Plaintiffs") have refused to produce a corporate representative to testify on <u>any</u> of the topics described and properly noticed under Federal Rule of Civil Procedure 30(b)(6), obstructing Flashship's ability to prepare its defense in this matter. That refusal is wrong and inconsistent with Nutramax's obligations under the Federal Rules of Civil Procedure.

Nutramax objects to having to sit for any deposition primarily because it claims that it lacks relevant knowledge and claims that all information relevant to this case is already in Flashship's possession. This is both false and non-sensical, and it certainly is not a reason to refuse to sit for deposition altogether.

To be sure, Nutramax filed a 45+ page <u>verified</u> complaint against Flashship and others (which has since been amended several more times), whereby it sought, *inter alia*, injunctive relief

against Flashship and the other Defendants.[1] Flashship has requested that Nutramax provide a corporate representative to provide testimony on several critical topics, including Nutramax's allegations against it in the complaint, the bases for such claims, and the damages they seek against Flashship, actual and statutory, both of which Nutramax has pled. Nutramax had to have supporting evidence for its claims <u>before</u> it filed its complaint, which again, it filed under oath, and Flashship has a right to test those allegations by questioning Nutramax regarding its allegations, on which Nutramax, of course, bears the burden of proof at trial. Nutramax cannot simply shield itself from discovery by asserting ignorance while simultaneously pursuing claims against Flashship and asking for millions of dollars in damages.

Given the looming discovery deadline of February 28, 2025, and the scheduled deposition date of February 3, 2025, Flashship respectfully requests the Court to compel Nutramax to produce a corporate representative for deposition on the noticed topics.

## FACTUAL BACKGROUND

In its complaint, Nutramax alleges that Flashship fulfilled orders of counterfeit veterinary medicine products purportedly manufactured by Nutramax and has asserted claims against Flashship for, among other things, copyright infringement, trademark infringement, and violation of the Lanham Act.[2] Nutramax's claims against Flashship are both for direct liability, and for contributory liability for allegedly acting in consort with other named Defendants.[3]

Since it was put on notice of Nutramax's claims, Flashship has fully cooperated in this litigation, agreeing to produce documents before formal discovery, turning over any allegedly counterfeit products to Nutramax without being ordered to, agreeing Nutramax's request for an

---

[1] Amended Complaint (Dkt. 30).
[2] Third Amended Complaint (Dkt 79).
[3] *Id.*

injunction, and proffering its own corporate representative for a deposition that took place on June 6, 2024.

On December 11, 2024, Flashship sent written correspondence to Nutramax specifically requesting that Nutramax put forth a corporate representative for deposition and providing a detailed list of the topics on which Flashship desired Nutramax's corporate representative to testify under FED. R. CIV. P. 30(b)(6).[4] Nutramax did not respond for nearly a month. Finally, on January 3, 2025, Nutramax responded and claimed that it would not produce a corporate representative to testify regarding any of the topics.[5]

When Flashship responded by asking Nutramax for times to have a meet and confer on the motion to compel Flashship intended to file, Nutramax responded that it did not "understand" that Flashship's December 11, 2024 letter was actually a request for a deposition under FED. R. CIV. P. 30(b)(6), but that it would serve its formal objections by January 10, 2025 and would be available for a conference on January 13, 2025.[6]

Thereafter, on January 9, 2025, even though Nutramax had already been in possession of Flashship's requested deposition topics for a month, Flashship went ahead and served a Rule 30(b)(6) deposition notice on Nutramax, identifying those same specific topics for examination, including Nutramax's allegations against Flashship, the factual bases for their claims, and its claimed damages.[7]

On January 10, 2025, Nutramax filed its objections to Flashship's 30(b)(6) deposition notice, again objecting and claiming as to <u>every one</u> of the 21 noticed topics that "Nutramax will not make a corporate witness available on this topic."[8]

---

4 Ex. A, Dec. 11, 2024 letter (App. 1-3).
5 Ex. B, Jan. 3, 2025 email (App. 4).
6 Ex. C, Jan. 6, 2025 email (App. 7).
7 Ex. D, Flashship's 30(b)(6) deposition notice (App. 11-17).
8 Ex. E, Nutramax's objection to Flashship's 30(b)(6) deposition notice (App. 18-31).

Thereafter, in a discussion on January 13, 2025 and in correspondence dated January 14, 2025, Nutramax doubled down on its refusal to produce a corporate representative, asserting that it lacks relevant information and claiming that all pertinent facts are contained in the pleadings, documents already produced, and the deposition of Flashship's corporate representative.[9]

Nutramax's objections are entirely unfounded and ignore its obligations under Rule 30(b)(6) to prepare a representative to testify on their behalf regarding identified topics. Despite repeated efforts to confer on this issue, Nutramax has maintained its refusal, necessitating this motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 30(b)(6) obligates an entity to designate one or more witnesses to testify on its behalf regarding the noticed deposition topics. FED. R. CIV. P. 30(b)(6). The designee's testimony represents the knowledge of the entity, including information reasonably available to the entity. *Id.*

"When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent." *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). "If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Id.*

"This extends not only to facts, but also to subjective beliefs and opinions." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The deposition notice or subpoena "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth.*, 469 F.3d at 433.

"The court where the action is pending may, on motion, order sanctions if: . . . a party or a

---

[9] Ex. F, Jan. 14, 2025 email (App. 32-33).

party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i).

## ARGUMENT

Nutramax's objections are baseless and improperly shield critical information from discovery. Nutramax cannot unilaterally dictate the scope of discovery. Nutramax's refusal to produce a corporate representative undermines the adversarial process and deprives Flashship of its right to obtain discovery in preparation for trial.

**A.    Requested Deposition Topics.**

The topics on which Flashship desires Nutramax to designate a corporate representative to testify are as follows:[10]

3. The facts and circumstances surrounding Nutramax's contention that it has spent millions of dollars researching and developing its health supplement products, as alleged in the Lawsuit;

4. The total number of Nutramax counterfeit products and orders of Nutramax counterfeit products that you contend Flashship Logistics, LLC (Flashship) fulfilled for any customers;

5. Each act, event or instance of actual or alleged confusion that you are aware of between any products sold or distributed by Flashship and any products containing or consisting of any of Nutramax's copyrighted works that form the basis of the Lawsuit;

6. Each act, event or instance of actual or alleged confusion that you are aware of between any products sold or distributed by Flashship and any products containing or consisting of any of Nutramax's trademarks that form the basis of the Lawsuit;'

7. The factual and legal basis for Nutramax's contention that Flashship knew or should have known that any products it distributed on behalf of Mr. Tan and/or Duta were

---

10 Ex. E (App. 18-31). There were 21 topics in Flashship's deposition notice; however, it has withdrawn topics 1 and 2 and only seeks to deposed Nutramax as to topics 3-21.

counterfeit, as alleged in the Lawsuit;

8. The factual and legal basis for Nutramax's contention that Flashship had a duty to inquire about the origin of products that it sells or its customers' right to sell those products, as alleged in the Lawsuit;

9. The factual and legal basis for Nutramax's contention that Flashship itself infringed upon any of Nutramax's trademarks, as alleged in the Lawsuit;

10. The factual and legal basis for Nutramax's contention that Flashship itself intentionally infringed upon any of Nutramax's trademarks, as alleged in the Lawsuit;

11. The factual and legal basis for Nutramax's contention that Flashship itself knowingly used counterfeit imitations of any of Nutramax's trademarks without its authorization or consent in violation of the Lanham Act, as alleged in the Lawsuit;

12. The factual and legal basis for Nutramax's contention that Flashship itself infringed upon any of Nutramax's copyrights, as alleged in the Lawsuit;

13. The factual and legal basis for Nutramax's contention that Flashship itself knowingly, willfully, deliberately and with reckless disregard infringed upon any of Nutramax's copyrights, as alleged in the Lawsuit;

14. The factual and legal basis for Nutramax's contention that Flashship is contributorily liable for any wrongful acts or omissions of Mr. Tan and/or Duta, as alleged in the Lawsuit;

15. The factual and legal basis for Nutramax's contention that Flashship intentionally, willfully and wantonly contributed to any wrongful acts or omissions of Mr. Tan and/or Duta, as alleged in the Lawsuit;

16. Flashship's efforts to comply with all demands made by Nutramax to cease selling any allegedly counterfeit products;

17. Nutramax's acquisition or confiscation of allegedly counterfeit products from Flashship's offices;

18. A description and computation of any actual damages Nutramax contends it has suffered as a result of any direct acts or omissions of Flashship;

19. A description and computation of any actual damages Nutramax contends it has suffered as a result of any contributory acts or omissions of Flashship;

    20.    A description and computation of any statutory damages Nutramax contends it is entitled to as a result of any direct acts or omissions of Flashship;

    21.    A description and computation of any statutory damages Nutramax contends it is entitled to as a result of any contributory acts or omissions of Flashship.

As explained below, there is simply no justifiable reason why Nutramax should not have to produce a corporate representative to testify regarding all of the foregoing topics that underlie its claims against Flashship in this lawsuit.

**B.**     **Nutramax Has a Duty to Designate and Prepare a Corporate Representative.**

Under Federal Rule of Civil Procedure 30(b)(6), a party must designate one or more representatives to testify on its behalf regarding topics identified in a deposition notice. *See* FED. R. CIV. P. 30(b)(6). Rule 30(b)(6) requires the designated representative to testify to both known information and information that is reasonably available to the organization. *Id.* Courts have consistently held that a party cannot evade this duty by asserting a lack of knowledge or by relying on information already in the possession of the opposing party. *See Resolution Tr. Corp.*, 985 F.2d at 197 (affirming sanctions for presenting witnesses without knowledge of the noticed topics when the entity possessed documents and employed a person with knowledge on the topics). "The burden is on Defendant to produce an 'available, knowledgeable, and readily identifiable' witness under Rule 30(b)(6)." *Spinks v. Alamo Area Council of Governments*, No. 5:15-CV-749-RP, 2016 WL 7442661, at *6 (W.D. Tex. Dec. 27, 2016) (ordering sanctions against defendant who presented a witness without any relevant knowledge); *see also Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *13 (W.D. Tex. Mar. 9, 2015) (same); *San Marcos Willow Springs, Ltd. v. U.S. Fire Ins.*, No. A-08-CA-216 LY, 2010 WL 11506381, at *3 (W.D. Tex. Jan. 4, 2010) (ordering sanctions for defendant who refused to answer questions on noticed topics).

Here, Nutramax is required to testify regarding the allegations and damages asserted against Flashship. Nutramax's refusal to provide a corporate representative undermines Flashship's ability to defend against these claims and violates its duty under Rule 30(b)(6).

**C.    Nutramax's Objections Lack Merit.**

      **1.    Lack of Knowledge Is Not a Valid Basis for Refusal.**

Nutramax objects that it lacks knowledge regarding the topics identified in Flashship's deposition notice. However, Rule 30(b)(6) requires Nutramax to prepare a representative to testify regarding information reasonably available to Nutramax, including information obtained from documents, employees, or other sources. Nutramax's assertion that it lacks relevant information is particularly disingenuous given that Nutramax initiated this litigation, made specific allegations against Flashship in the complaint, and even sought and injunctive relief against Flashship and others, all of which was done long before Flashship produced any documents in its possession or produced its corporate representative for deposition.

      **2.    Flashship's Right to Discovery Includes Examination of Nutramax's Contentions.**

Nutramax contends that certain topics, such as the bases for its legal claims, are improper for a Rule 30(b)(6) deposition. This argument mischaracterizes the purpose of such depositions. Flashship is entitled to explore the factual underpinnings of Nutramax's allegations and damages claims. Courts have recognized that 30(b)(6) depositions are an appropriate means of obtaining such information. *See Brazos River Auth.*, 469 F.3d at 433.

      **3.    The Identified Topics Are Relevant and Proportional to the Needs of the Case.**

Nutramax further asserts that the topics identified in the deposition notice are irrelevant or duplicative of information already in Flashship's possession. These objections are likewise

unfounded. The deposition topics are directly relevant to Nutramax's claims and Flashship's defenses, including:

- The factual bases for Nutramax's allegations against Flashship (topics 3–6);
- The steps Plaintiffs took to investigate and substantiate their claims against Flashship (topics 7–15); and
- Plaintiffs' damages contentions, including the basis for their request for statutory damages (topics 18–21).

These topics are plainly relevant to the claims and defenses at issue. *See DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-cv-1355, 2014 WL 585750, at *3 (S.D. Tex. Feb. 14, 2014) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.").

Discovery is not limited to documents, and any potential overlap between those topics and prior written discovery does not warrant refusing to sit for deposition altogether. In fact, the prior written discovery underscores the legitimate basis for the deposition because Flashship is entitled to ask about Nutramax's answers and its efforts and investigation in providing discovery. *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 335 (S.D. Tex. 2012) ("While the Court recognizes that in many instances interrogatories and depositions can be utilized to obtain the same information in a lawsuit, these two methods of discovery are not necessarily equivalent. . . . [D]epositions have more flexibility than interrogatories because they permit an attorney to ask follow-up questions based on answers to previous questions or repeat questions if a deponent is being evasive."); *see also Jackson Mun. Airport Auth. v. Reeves*, No. 3:16-CV-246-CWR-FKB, 2020 WL 5648329, at *5 (S.D. Miss. Sept. 22, 2020) (quoting *Mill-Run Tours, Inc. v. Khashoggi*, 124

F.R.D. 547, 549 (S.D.N.Y. 1989)) (discussing the reasons why oral depositions should not be routinely replaced by written discovery). Flashship is entitled to examine Nutramax's representative to clarify and contextualize the evidence.

**D.     Nutramax's Refusal to Sit for Deposition Is Prejudicial to Flashship.**

By refusing to produce a corporate representative, Nutramax is obstructing Flashship's ability to prepare its defense. Rule 30(b)(6) "aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case" *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 95 (D.D.C. 1998). "Federal courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject." *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, No. CIV A 306-CV-0271-B, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007). Nutramax's gamesmanship in refusing to present a corporate representative for deposition is calculated to do exactly that.

Nutramax's position effectively forces Flashship to proceed to trial without essential testimony, creating undue prejudice and undermining the fairness of these proceedings. Nutramax cannot avoid its discovery obligations while simultaneously seeking the maximum statutory damages available under the law.

## CONCLUSION

For the foregoing reasons, Flashship respectfully requests that the Court grant this Motion to Compel, orders Nutramax to designate and produce a corporate representative for deposition on topics 3-21 in Flashship's deposition notice, and grant such other and further relief to which Flashship may be justly entitled.

        Respectfully submitted,

        By: */s/ Eric C. Wood*
        Eric C. Wood
        State Bar No. 24037737
        BROWN FOX PLLC
        6303 Cowboys Way, Suite 450
        Frisco, Texas 75034
        Phone: (214) 327-5000
        Fax: (214) 327-5001
        Email: eric@brownfoxlaw.com

        ATTORNEYS FOR DEFENDANT
        FLASHSHIP LOGISTICS, LLC

## CERTIFICATE OF CONFERENCE

      The undersigned certifies that on January 13, 2025 and January 14, 2025, I conferred with counsel for Nutramax regarding its objections to the 30(b)(6) deposition notice, and, on January 14, 2025, Nutramax confirmed that it would not make a corporate representative witness available for deposition and that it is opposed to the relief sought herein. Therefore, the motion is presented to the Court for its determination.

                                      */s/ Eric C. Wood*
                                      Eric C. Wood